# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>**Jose Cardenas-Salcido**<br>**(DOB: XX-XX-1982)** | )<br>)<br>)   Case No.   24-M-554 (SCD)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    **Eastern**    District of    **Wisconsin**
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    **12-11-24**    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    **Hon. Stephen C. Dries**    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   **11-27-24. 10:00 am**           */s/ Stephen C. Dries*
                                                                     *Judge's signature*

City and state:   Milwaukee, WI           Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                    *Printed name and title*

*[Clerk's Office stamp: A TRUE COPY, Nov 27, 2024, /s/ Mariah Kauder, Deputy Clerk, U.S. District Court, Eastern District of Wisconsin]*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 24-M-554 | 12/2/24 4:45 PM | JOSE CARDENAS-SALCIDO |

Inventory made in the presence of:
DET. SHARIF SAID

Inventory of the property taken and name(s) of any person(s) seized:

DNA SWAB / EPITHELIAL CELLS FROM
JOSE CARDENAS-SALCIDO

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 12/3/24

*Executing officer's signature*

NICK STANCHA DETECTIVE
*Printed name and title*

# ATTACHMENT A

*Person to be searched*

The person to be searched is **Jose Cardenas-Salcido (DOB: XX-XX-1982).**

1

## ATTACHMENT B

*Property to be seized*

The property to be seized is saliva containing epithelial cells by buccal swab.

2

Case 2:24-mj-00554-SCD    Filed 12/03/24    Page 4 of 16    Document 3

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>**Jose Cardenas-Salcido**<br>**(DOB: XX-XX-1982)** | ) ) ) ) ) ) Case No. 24-M-554 (SCD) |

**CLERK'S OFFICE A TRUE COPY Nov 27, 2024 /s/ Mariah Kauder Deputy Clerk, U.S. District Court Eastern District of Wisconsin**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ___Eastern___ District of ___Wisconsin___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 & 846 | Conspiracy to possess with intent to distribute and distribute controlled |
| 18 U.S.C. § 1791(a)(2) | substances, Possession of Contraband in Federal Prison, and Witness |
| 18 U.S.C. 1512(a)&(b) | Interference |

The application is based on these facts:
See Attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

SEAN MAYERBOCK (Affiliate) *Digitally signed by SEAN MAYERBOCK (Affiliate) Date: 2024.11.26 15:58:51 -06'00'*

*Applicant's signature*

Sean Mayerbock, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 11-27-24

*Judge's signature*

City and state: Milwaukee, WI    Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# APPLICATION FOR SEARCH WARRANT

I, Sean Mayerbock, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of applications under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant to collect an oral swab or swabs of deoxyribonucleic acid (DNA) from saliva containing epithelial cells from the following individual, who is presently located in the Eastern District of Wisconsin:

**A. Jose Cardenas-Salcido (DOB: XX-XX-1982)**

2. I am a Police Officer with the City of Brookfield Police Department and have been a sworn law enforcement officer for 9 years. I am currently assigned to the North Central High Intensity Drug Trafficking Area (HIDTA) – Drug Gang Task Force. Since November 2019, I have been a Task Force Officer with the United States Department of Justice, Drug Enforcement Administration (DEA).

3. As part of my duties as a DEA Train Field Officer (TFO), I investigate criminal violations relating to narcotics trafficking offenses, including criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 21, United States Code, Sections 841, 843, 846, and federal firearms offenses, including violations of Title 18, United States Code, Sections 922(g), 924(a), and 924(c). In the course of my experience, I have and continue to be involved in investigations of criminal offenses and have assisted with search warrants for items related to gang investigations, organized crime, violent crime, firearms offenses, drug trafficking, thefts, counterfeit crimes, forgeries, including cellular telephones and other electronic telecommunication devices.

1

4. I have had formal training in the investigation of drug trafficking and related firearm offenses; I have worked with numerous informants in the investigation of drug trafficking; and I have participated in the execution of numerous search warrants in which controlled substances, firearms, drug paraphernalia, and counterfeit monies were seized.

5. In the course of my experience, I have and continue to be involved in investigations where deoxyribonucleic acid (DNA) analysis provided evidence of crimes and of a particular person's participation in a crime, including the packaging and manufacturing of drugs, the control of or nexus to drug premises, and the possession of firearms, ammunition, and firearms accessories.

6. Through my training and experience, I know that analysts from the Wisconsin State Crime Laboratory and/or the Federal Bureau of Investigation crime lab can extract DNA from biological substances left at crime scenes, like from drug packaging/parcels. I know that based upon testing these biological substances, the crime lab analyst can draw conclusions to a reasonable degree of scientific certainty that a particular individual may be the source of DNA found on items found at a crime scene or evidence seized by law enforcement. I know that epithelial cells contain DNA and that epithelial cells are present in the lining of the mouth.

7. This affidavit is based upon my personal knowledge and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.

8. Because this affidavit is submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only facts that I believe are sufficient to establish probable cause.

II. **PROBABLE CAUSE**

2

10. Beginning in March 2022, the United States Postal Inspection Service (USPIS) and the High Intensity Drug Trafficking Area Drug Gang Task Force (HIDTA) had been investigating a postal based drug trafficking organization. That investigation revealed Leonard V. BROOKSHIRE was shipping parcels containing fentanyl powder and pills for Jerry W. ALEXANDER from Arizona to Wisconsin. One of ALEXANDER'S drug sources was identified as Jose CARDENAS-SALCIDO.

11. On October 15, 2022, USPS seized parcel number 9570113639812287174011 (Subject Parcel) shipped from a USPS Office in Maricopa, Arizona and addressed to "Willie Boykin" of XX33 East Pleasant Street, Apt207 Milwaukee, WI 53202. (Figure 1). A federal search warrant, authorized by Magistrate Judge Stephen C. Dries, was obtained and executed on the Subject Parcel.



(Figure 1)

12. Inside the Subject Parcel was an additional USPS box that contained Styrofoam and paper packaging and two white Nike t-shirts. The two white Nike t-shirts contained a Tupperware container, which was wrapped in cellophane. Inside the Tupperware container were five individual plastic baggies, which contained fraudulent prescription M-30's (blue circular pills), which were later tested by the DEA Crime Lab and determined to be fentanyl. Case agents believe there to be approximately 1,000 doses per baggie and in total the fentanyl weighed approximately 566 grams (Figure 2).

3



(Figure 2)

13. The recipient of the Subject Parcel was identified as Jacque S. HERNANDEZ (DOB XX/XX/1978) at XX33 East Pleasant Street, Apt 207, Milwaukee, Wisconsin. Case agents also observed an IP address associated with BROOKSHIRE, 216.9.178.191, was used to track the mailing of the Subject Parcel. Case agents also observed an additional IP address of 2600:1700:b0d0:2e90:, which was associated with ALEXANDER, was being used during the mailing of the Subject Parcel.

14. On October 15, 2022, case agents removed the fentanyl from the Subject Parcel and the Subject Parcel was delivered to XX33 East Pleasant Street, Milwaukee, Wisconsin. HERNANDEZ accepted the Subject Parcel and was arrested by case agents. Case agents conducted a *Mirandized* interview with HERNANDEZ. HERNANDEZ identified BROOKSHIRE as the person who is sending HERNANDEZ the USPS parcels.

15. On January 11, 2023, BROOKSHIRE was arrested in Arizona. BROOKSHIRE admitted to sending USPS parcels from Arizona to Milwaukee, Wisconsin, including the Subject Parcel to HERNANDEZ.

16. On January 24, 2023, the grand jury, in the Eastern District of Wisconsin, indicted BROOKSHIRE and others for conspiracy to possess within the intent to distribute and distribution of fentanyl, unlawful use of a communication facility, as well as other charges (EDWI 23-CR-015).

4

17. ▉▉▉ indicated that ALEXANDER and BROOKSHIRE were working together to transport fentanyl from Arizona to Milwaukee, Wisconsin. ▉▉▉ communicated with one of the drug sources ▉▉▉ cellphone. ▉▉▉ this drug source was saved as contact "AMG2". ▉▉▉ drug source was a Hispanic male, with a gap in his teeth, that ALEXANDER was in Arizona prison with previously. Case agents reviewed BROOKSHIRE's cellphone and located the contact "AMG2" which had telephone number (602) 283-8521. Based on subscriber information, case agents identified the drug source as CARDENAS-SALCIDO. ▉▉▉ confirmed that CARDENAS-SALCIDO was the drug source by a photo. ▉▉▉ met with CARDENAS-SALCIDO once for an introduction and three times to received drug parcels. ▉▉▉ identified the Subject Parcel as being one of the drug parcels he shipped for the DTO.

18. On June 27, 2023, the grand jury superseded the indictment charging ALEXANDER in relation to the fentanyl drug conspiracy.

19. ▉▉▉ identified CARDENAS-SALCIDO as a drug source who resides in Arizona that would provide fentanyl to BROOKSHIRE, who would the mail it to Milwaukee, Wisconsin for ALEXANDER. ▉▉▉ identified CARDENAS-SALCIDO by a photograph. ▉▉▉ CARDENAS-SALCIDO was working with the Sinaloa Cartel. ▉▉▉ purchasing fentanyl from CARDENAS-SALCIDO, after CARDENAS-SALCIDO was released from prison. ▉▉▉ purchase 1,000 pills at a time for $0.85 a pill. ▉▉▉ purchased 7,000 pills from CARDENAS-SALCIDO. ▉▉▉ believed that the fentanyl pills (the Subject Parcel) intercepted by case agents came from CARDENAS-SALCIDO. ▉▉▉ stated he received about 10 parcels with the pills.

5

20. On October 17, 2023, CARDENAS-SALCIDO was indicted by the grand jury in a separate matter, EDWI 23-CR-184, for conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of Title 21, Untied States Code Sections 841(a)(1), 841(b)(1)(A), 846, and Title 18, United States Code Section 2(a); distribution of a controlled substance, in violation of Title 21, Untied States Code Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code Section 2(a); and use of a communication facility in facilitating drug trafficking, in violation of Title 21, Untied States Code Sections 843(b).

21. CARDENAS-SALCIDO was arrested November 8, 2023 in Arizona. Found on his person were a black Apple iPhone touch screen cell phone (iPhone) and a white Samsung touch screen cell phone (Samsung) and $7,000 cash. The Samsung was identified as having the number (602) 283-8521, the number BROOKSHIRE communicated with CARDENAS-SALCIDO during the investigation into the DTO. On the screen saver of the Samsung was an image of Santa Muerte. Based on my training, experience, and investigation into drug trafficking, I am aware that Santa Muerte is the known Saint worshiped by Drug Cartels, specifically the Sinaloa, Gulf and Juarez Cartels (Figure 3). Also located in CARDENAS-SALCIDO's wallet was a laminated Santa Muerte card (Figure 4).

 

(Figure 3)    (Figure 4)

22. CARDENAS-SALCIDO provided a *Mirandized* statement following his arrest. CARDENAS-SALCIDO provided some admissions related to knowledge of co-conspirators; however, he denied any involvement with the DTO, contrary to the evidence collected during this investigation. CARDENAS-SALCIDO advised he just returned from Mexico one week ago and he purchased/rented an apartment in Nogales, Mexico where he planned to move in the coming weeks.

23. CARDENAS-SALCIDO claimed to be running an automotive business with his family, where vehicles are purchased in the United States and brought to Mexico to sell. He admitted to knowing "Will" (ALEXANDER), co-conspirator, from his incarceration time and admitted to being in contact with "Will" after both of their release from prison. CARDENAS-SALCIDO viewed a photograph of ALEXANDER and identified him as "Will," the person with whom he was incarcerated.

24. CARDENAS-SALCIDO denied his involvement in the shipment of fentanyl; however, he admitted to his vast knowledge of narcotics trafficking and being a member of the prison gang, identified as "Border Brothers." He added he had tattoos on his chest identifying himself as a member of this gang. He refused consent to search his cell phones, but admitted there was content from other associates on his devices that would appear he was involved in narcotics trafficking.

25. On November 16, 2023, CARDENAS-SALCIDO was detained in federal custody pending trial. On December 5, 2023, CARDENAS-SALCIDO was placed within the Kenosha detention facility, a correctional facility located in the Eastern District of Wisconsin that maintains an agreement with United States Marshal Service to detain federal prisoners. Case agents determined that CARDENAS-SALCIDO is currently a federal pre-trial detainee housed at the Kenosha Detention Center, located at 4777 88th Avenue, Kenosha, Wisconsin.

The Subject Parcel was swabbed for DNA by West Allis Police Department Detective Nick Stachula on November 26, 2024. Five swabs taken from the Subject Parcel are currently in

7

evidence at West Allis Police Department under inventory number 24-005385-1 through 24-005385-5. The collected swabs will thereafter be submitted to a crime laboratory for further examination. I am aware that a Standard DNA sample from BROOKSHIRE and CARDENAS-SALCIDO will be needed by the laboratory for comparison and/or confirmatory purposes. Case agents are in the process of seeking ███ DNA sample from BROOKSHIRE.

26. Based on my training and experience, I know that a sample of saliva containing epithelial cells may be found in and on a person. Swabbing the inside of a subject's mouth or cheek with a sterile cotton swab and preserving the saliva and cells obtained as a result is a reliable method for collecting a DNA sample. This process is called taking a "buccal swab" or "buccal smear." A case agent trained in how to collect a DNA sample and prevent contamination of the resulting evidence will conduct this search using sterile swabbing kit(s) for use in collection and preservation.

27. USPIS will request the assistance of the Wisconsin Department of Justice's State Crime Laboratory (or another laboratory designated by the DEA) in processing, analyzing, and scientifically testing the saliva samples to obtain a known DNA profile or profiles and to compare those known DNA profiles with the DNA profiles obtained from the evidence recovered during this investigation.

28. I have reason to believe that saliva samples containing epithelial cells taken from CARDENAS-SALCIDO, together with test results comparing the DNA profiles extracted from such samples with any and all human DNA profiles extracted from the aforementioned subject parcel, will be probative of CARDENAS-SALCIDO'S possession of the contents of that parcel.

### III. CONCLUSION

29. Based on the information above, I submit that there is probable cause to believe that by taking oral swabs of the mouth of CARDENAS-SALCIDO, there may now be found DNA that is evidence of conspiracy to possess with intent to distribute and distribution of a controlled substance, in

8

violation of Title 21, Untied States Code Sections 841(a)(1), 841(b)(1)(A), 846, and Title 18, United States Code Section 2(a); distribution of a controlled substance, in violation of Title 21, Untied States Code Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code Section 2(a); and use of a communication facility in facilitating drug trafficking, in violation of Title 21, Untied States Code Sections 843(b). Therefore, I request that this Court issue a search warrant to obtain samples of CARDENAS-SALCIDO's DNA from saliva containing epithelial cells for subsequent testing and examination.

## ATTACHMENT A

*Person to be searched*

The person to be searched is **Jose Cardenas-Salcido (DOB: XX-XX-1982).**

10

## ATTACHMENT B

*Property to be seized*

The property to be seized is saliva containing epithelial cells by buccal swab.

11